**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID A. YARBROUGH,**

        **Petitioner,**

    v.              **CASE NO. 21-3196-SAC**

**STATE OF KANSAS,**

        **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and has identified several deficiencies. Thus, the Court will direct Petitioner to show cause, in writing, why Grounds 2, 3, 4, and 5 of his petition should not be summarily dismissed for the reasons discussed below.

**Background**

    In 2011, a jury convicted Petitioner of three counts of rape, four counts of aggravated indecent liberties with a child, and eight counts of aggravated criminal sodomy. *Yarbrough v. State*, 2020 WL 5740891, *1 (Kan. Ct. App. 2020) (unpublished opinion) (*Yarbrough II*), *rev. denied* Aug. 10, 2021. The Wyandotte County District Court sentenced Petitioner to a controlling sentence of life with no parole eligibility for 50 years. *State v. Yarbrough*, 2013 WL

---

[1] Don Langford, the current Warden of Ellsworth Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

3791793, *5 (Kan. Ct. App. 2013) (unpublished opinion) (*Yarbrough I*), *rev. denied* Feb. 18, 2014.

Petitioner timely appealed. *Id.* at 1. The Kansas Court of Appeals (KCOA) affirmed his convictions and sentence, the Kansas Supreme Court (KSC) denied his petition for review, and the United States Supreme Court denied his petition for writ of certiorari. *See id.*; *Yarborough v. Kansas*, 574 U.S. 836 (2014). Petitioner then timely filed a pro se motion for habeas relief under K.S.A 60-1507. *Yarbrough II*, 2020 WL 5740891, at *1. The district court denied the motion, the KCOA affirmed the denial, and the KSC denied the subsequent petition for review. *Id.* Petitioner timely filed his federal habeas petition in this Court on August 27, 2021. (Doc. 1.)

**Exhaustion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Supreme Court, either by way of direct appeal or by state

post-conviction motion, or "[i]n all appeals from criminal convictions or post-conviction relief on or after July 1, 2018," he must have presented a claim to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

Petitioner asserts six grounds for relief in his federal habeas petition. Ground 1 relies upon issues presented to the state courts in his direct appeal. (Doc. 1, p. 5.) *See Yarbrough I*, 2013 WL 3791793, at *1. Because Petitioner filed a petition for review from the KCOA's decision, the Court can presume for initial screening purposes that these issues were raised in the petition for review as well. Similarly, Ground 6, which addresses Petitioner's competency to stand trial, appears to have been exhausted in the state courts. (Doc. 1, p. 46.) *See Yarbrough II*, 2020 WL 5740891, at *2-8.

Grounds 2, 3, 4, and 5, however, were not exhausted in the state courts. As Ground 2, Petitioner alleges that the "[t]rial court gave an erroneous reasonable doubt instruction." (Doc. 1, p. 17.) As Ground 3, Petitioner alleges that jury instruction on rape made it a strict liability crime, in violation of K.S.A. 21-3201." *Id.* at 22. As Ground 4, Petitioner first asserts that "[s]everal instances of prosecutorial misconduct violated [his] Due Process/Fair Trial Rights under the United States and Kansas Constitutions." *Id.* at 26. More specifically, he points to the prosecution's "use[ of] false testimonial evidence" of the victim,

he alleges that the prosecutor admitted that she allowed the victim "to 'rehearse' her testimony in [the prosecutor's] office before" the jury trial, and he contends that the prosecutor knowingly solicited perjured testimony from the victim. *Id.* at 32-34, 36-37.

As Ground 5, Petitioner alleges that trial counsel provided unconstitutionally ineffective assistance by failing to: (1) object to the victim's testimony as immaterial and false; (2) adequately explain to the jury the "'Hate Vendetta'" the victim and her family had against the defendant; (3) otherwise discredit the victim's testimony; (4) continuously object to the victim's testimony; (5) call the victim's sister as a defense witness; and (6) argue mitigating circumstances.[2] *Id.* at 38-44.

Petitioner acknowledges that he did not raise the issues that now constitute Grounds 2, 3, 4, and 5 in his direct appeal, but he contends he raised them in his 60-1507 motion. While that may be true, to exhaust an issue for purposes of federal habeas relief, one must present it to the state *appellate* courts. The appellate brief filed in the appeal from the denial of Petitioner's 60-1507 motion raises only one issue: whether "[t]he district court erred in denying Yarbrough's (competency based) habeas corpus claim on the basis of untimeliness and failure to establish evidence of incompetency at the time of trial." *Yarbrough v. State*, Brief of Appellant, 2019 WL 6977242, at *1, 6. This is reflected in the KCOA opinion in the case. *See Yarbrough II*. Thus, Grounds 2, 3, 4, and 5 have not been exhausted.

---

[2] Although Petitioner raised ineffective assistance of trial counsel claims in his direct appeal, those arguments were based on different allegations of ineffective assistance. *See Yarbrough I*, 2013 WL 3791793, at 12-14.

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

If Petitioner were to return to the state courts to pursue state-court remedies on these issues, the state courts would likely find his claims to be procedurally barred on independent and adequate state procedural grounds. K.S.A. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Moreover, because the bases for Grounds 2, 3, and 4 are alleged trial errors, the state courts would likely find those claims barred by Kansas Supreme Court Rule 183(c)(3), which states:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

Because Kansas state courts likely would deem the claims articulated in Grounds 2, 3, 4, and 5 procedurally barred, for purposes of federal habeas review there is a procedural default. *Grant*, 886 F.3d at 892. Petitioner may overcome this only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *See Hamm v. Saffle*, 300 F.3d 1213, 1216

(10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the requisite prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). The "fundamental miscarriage of justice" exception is available only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, Petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegation of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Accordingly, the Court will direct Petitioner to show cause, in writing, why Grounds 2, 3, 4, and 5 of the petition should not be summarily dismissed as procedurally defaulted. Petitioner may show cause and prejudice or show that review of these Grounds is required to avoid a fundamental miscarriage of justice. If Petitioner fails to make this showing or fails to file a timely response, the claims in Grounds 2, 3, 4, and 5 will be dismissed.

**Failure to State a Claim that is Actionable in Habeas**

A federal court may grant habeas relief to a state prisoner

only if the prisoner first shows that the state court's decision either (1) "was contrary to . . . clearly established Federal law," (2) "involved an unreasonable application of clearly established Federal law," or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In other words, "[f]ederal habeas relief does not lie for errors of state law." *Id.* at 67. A petitioner cannot obtain federal habeas relief based on an alleged violation of state law or erroneous interpretation of state law unless the alleged error implicates the federal Constitution. See *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

As noted above, Ground 3 alleges that the jury instruction given on the rape charges violated K.S.A. 21-3201. (Doc. 1, p. 22.) The petition references Kansas state law and does not assert a violation of Petitioner's federal constitutional rights. The Court will therefore direct Petitioner to show cause, in writing, why Ground 3 should not be summarily dismissed for failure to state a claim that is actionable or cognizable in federal habeas.

**Conclusion**

In summary, Petitioner is directed to show why the Court should not dismiss Grounds 2, 3, 4, and 5 as procedurally defaulted and why the Court should not dismiss Ground 3, in the alternative, for failure to state a claim that is actionable in federal habeas.

**IT IS THEREFORE ORDERD** that Petitioner is granted until October 1, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Grounds 2, 3, 4, and 5 for habeas relief should not be dismissed for the reasons stated above. The clerk is directed to substitute Don Langford, Warden of Ellsworth Correctional Facility, as Respondent in this action.

**IT IS SO ORDERED.**

DATED:  This 1st day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge