**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DAVID A YARBROUGH,**

                          **Petitioner,**

         **v.**                                           **CASE NO. 21-3196-SAC**

**DON LANGFORD,**

                          **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 1, 2021, the Court issued a Notice and Order to Show Cause (NOSC) explaining that that Grounds 2, 3, 4, and 5 of the petition have not been exhausted in the state courts as required. (Doc. 4.) Moreover, the Court opined that Kansas state courts likely would now deem those claims procedurally barred, the claims appear procedurally defaulted for purpose of federal habeas review. *Id.* Thus, the Court granted Petitioner until October 1, 2021 in which to show that the claims were exhausted or to show the cause and prejudice required to overcome the procedural default. *Id.*

On September 14, 2021, Petitioner filed a motion for extension of the time allowed for him to respond to the NOSC. (Doc. 5.) The Court granted that motion, making the deadline for the response November 1, 2021. (Doc. 6.) On October 19, 2021, Petitioner filed a second motion for extension of time, which the Court also granted, making the deadline for the response December 1, 2021. (Docs. 8 and 9.) That deadline has now come and gone, yet Petitioner has not

filed any response to the NOSC. Thus, the Court maintains its earlier conclusion that the petition contains unexhausted and procedurally defaulted claims.

Generally, a federal district court faced with a mixed petition—one that contains both exhausted and unexhausted claims—must either dismiss the entire petition without prejudice or allow the petitioner to resubmit the petition and present only exhausted claims. *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021). But when the unexhausted claims are procedurally defaulted, "'the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims.'" *Id.* (citation omitted). The Court concludes that this is the appropriate action in the present matter. Accordingly, the Court will dismiss Grounds 2, 3, 4, and 5 as procedurally barred and this matter will proceed only on Grounds 1 and 6.

With respect to Grounds 1 and 6, the Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and
2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED:**

1. Grounds 2, 3, 4, and 5 of the petition are **dismissed** as procedurally barred.
2. That Respondent is hereby required to show cause within thirty (30) days from the date of this order why the writ

      should not be granted.

3. That the response should present:
    a. The necessity for an evidentiary hearing on each of the remaining grounds alleged in Petitioner's pleading; and
    b. An analysis of each of said grounds and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this court for examination and review the following:

The records and transcripts, if available, of the criminal proceedings complained of by Petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings.

4. Upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.
5. That Petitioner be granted thirty (30) days after receipt by him of a copy of Respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.
6. That the clerk of this Court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 8th day of December, 2021, at Topeka, Kansas.

                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge