IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A. YARBROUGH,                )
                                   )
                 Petitioner,       )
                                   )
     v.                            )    Case No. 21-3196-JWL
                                   )
DON LANGFORD, Warden,              )
Ellsworth Correctional Facility,   )
                                   )
                 Respondent.       )
                                   )
_____)

## MEMORANDUM AND ORDER

By Memorandum and Order of June 1, 2022, the Court denied David Yarbrough's petition for relief pursuant to 28 U.S.C. § 2254. The Court further denied petitioner a certificate of appealability because, as the Court stated, it was clear that petitioner was not entitled to relief. Petitioner has filed a notice of appeal from that decision, and the Court has granted his motion to proceed in that appeal *in forma pauperis*.

Petitioner has now filed a motion requesting appointment of counsel to represent him in the appeal (Doc. # 26). The Court **denies** the motion.

As petitioner concedes, there is no constitutional right to appointed counsel in a civil case. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent a person unable to afford counsel. *See id.* Appointment of counsel pursuant to that provision is a matter within the Court's discretion. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

"The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *See id.* (internal quotation and citation omitted).

The Court concludes that petitioner has not met his burden to show that his appeal has sufficient merit to warrant appointment of counsel here. As set forth in the Court's previous orders in this case, each claim asserted by petitioner either was not exhausted in the state courts as required or was fully and reasonably addressed and rejected by the state courts. Moreover, as the Court previously noted, petitioner merely stated his claims conclusorily, without supporting argument, and thus petitioner failed to establish any colorable basis for his claims (and the Court denied petitioner a certificate of appealability for that same reason). Nor has petitioner addressed the claims' lack of merit in his notice of appeal or in the present motion. Accordingly, the Court in its discretion denies the request for appointment of counsel.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for appointment of appellate counsel (Doc. # 26) is hereby **denied**.

IT IS SO ORDERED.

Dated this 15th day of August, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge